UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

CASE NO. 26-20690

v.

HON. Mark A. Goldsmith

JIANSONG HE,

Defendant.
_________________________________/

**Stipulation to Continue the Motion Deadline, Plea Cutoff Date, Pretrial Conference Date, and Jury Trial Date and Determination of Excludable Delay**

The parties stipulate to continue the following dates in this matter: the motion cutoff, the plea cutoff, the final pretrial conference, and the jury trial for 120 days.

The parties further stipulate, and jointly move for the Court to find, that the time period between December 15, 2026, and the new trial date to be set by the Court, qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial.

The parties' reasons for the continuance and for a finding of excludable delay are as follows:

- Counsel for the parties have been engaged in conversations about resolving this matter. Such discussions are currently ongoing and may result in a resolution before the need to file any motions. The parties agreed to seek an adjournment of the scheduled dates for 120 days to determine whether this matter can be resolved without filing motions.
- In the event that the parties are not able to resolve this matter at this initial stage, the parties will need additional time to complete the exchange and review of discovery in this case, which includes body-worn camera footage and documents which must be redacted. Thus, while the parties are working diligently to complete the discovery process, the parties need the requested additional time to complete the discovery process and review the materials.
- Failure to grant this continuance would unreasonably deny counsel for the defendants and the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

The parties therefore request that the Court grant a continuance of the motion cutoff date, the plea cutoff date, the final pretrial conference, and the jury trial date, and further find that the delay caused by this continuance should be deemed excludable time under 18 U.S.C. § 3161(h)(7)(A) because the ends of justice served

by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial.

**IT IS SO STIPULATED.**

*s/Micah S. Wallace*
Micah S. Wallace
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Micah.Wallace@usdoj.gov
(313) 226-9591

*s/Fabián Rentería (With Consent)*
Fabián Rentería
Attorney for Defendant He
613 Abbott St., Suite 500
Detroit, MI 48226
Fabian_Renteria_Franco@fd.org
(313) 463-6143

Date: November 12, 2026

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

CASE NO. 26-20690

v.

HON. Mark A. Goldsmith

JIANSONG HE,

Defendant.
___________________________________/

**Order Continuing the Motion Deadline, Plea Cutoff Date, Pretrial Conference Date, and Jury Trial Date and Determination of Excludable Delay**

The Court has considered the parties' stipulation and joint motion regarding the trial, and for a finding that the time period from December 15, 2026, to the new trial date qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7). For the reasons described in the parties' submission, and after considering the factors listed in § 3161(h)(7)(B), the Court finds that the ends of justice served by granting the parties' request outweigh the best interests of the public and the defendant in a speedy trial and that the time from December 15, 2026, to the new trial date qualifies as excludable delay under § 3161(h)(7). Specifically, the Court finds that:

- Counsel for the parties have been engaged in conversations about resolving this matter. Such discussions are currently ongoing and may result in a resolution before the need to file any motions. The parties agreed to seek an adjournment of the scheduled dates for 120 days to determine whether this matter can be resolved without filing motions.
- In the event that the parties are not able to resolve this matter at this initial stage, the parties will need additional time to complete the exchange and review of discovery in this case, which includes body-worn camera footage and documents which must be redacted. Thus, while the parties are working diligently to complete the discovery process, the parties need the requested additional time to complete the discovery process and review the materials.
- As a result, the parties agree that the failure to grant a continuance could lead to the dismissal of charges and thereby make a continuation of the proceeding impossible and result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).
- As a result, failure to grant the parties' request would unreasonably deny defense counsel and the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, *see* 18 U.S.C. § 3161(h)(7)(B)(iv), and/or would fail to recognize that it would be unreasonable to expect adequate preparation for the trial

before the expiration of the Speedy Trial Act's 70-day clock, *see* 18 U.S.C. § 3161(h)(7)(B)(ii).

IT IS THEREFORE ORDERED that the time from today's date to the new trial date shall constitute excludable delay under the Speedy Trial Act because the Court finds that the ends of justice served by continuing the trial for this period outweigh the best interests of the public and the Defendant in a speedy trial for the reasons listed above. 18 U.S.C. §§ 3161(h)(7)(A), (B)(i), (iv).

**IT IS FURTHER ORDERED** that the following dates will apply in this case:

- MOTIONS DUE BY: APRIL 5, 2027
- PLEA HEARING/CUT-OFF: MAY 3, 2027, at 10:00 a.m.
- FINAL PRETRIAL CONFERENCE: MAY 3, 2027, at 10:00 a.m.
- JURY TRIAL: MAY 25, 2027, at 8:30 a.m.

**IT IS SO ORDERED.**

Dated: November 12, 2026
Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge